UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                                    2:06-cr-96-FtM-29SPC

ANSELMO RODRIGUEZ
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's oral motion for judgment as a matter of law made at the conclusion of the government's case in chief. The Court denied the motion as to Count One and reserved ruling on the motion as to Count Two. In due course the jury found defendant guilty of both Counts One and Two. At the Court's direction, defense counsel filed the transcripts of the trial testimony of co-conspirators Wrixon Roa Rodriguez and Efrain Roa (Docs. #45-47), which the Court has reviewed.

     Count One of the Indictment (Doc. #1) charges that from in or about May, 2004, to in or about October, 2005, in Lee County, Florida and elsewhere, defendant Anselmo Rodriguez conspired with persons known and unknown to the grand jury to possess with intent to distribute and manufacture 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)B)(vii). Count Two of the Indictment charges that on or about October 9, 2005, in Lee County, Florida, defendant Rodriguez, during and in relation to

the conspiracy charged in Count One, knowingly and willfully possessed, used, carried, brandished, and discharged a black, semi-automatic Hi Point, Model CF-380 firearm, serial number P829116, in violation of 18 U.S.C. § 924(c).

Title 18 U.S.C. § 924(c)(1)(A) provides specified penalties for any person who, "during and in relationship to" any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses, carries, brandishes, or discharges a firearm. The evidence is clearly sufficient as to the uses, carries, brandishes, or discharges prong of the offense, and the commission of the underlying drug trafficking crime. The government must also prove, however, the "during and in relation to" a drug trafficking crime prong. United States v. Timmons, 283 F.3d 1246, 1250 (11th Cir. 2002). This prong has two components, the "during" requirement and the "in relation to" requirement. Timmons, 283 F.3d at 1251. At a minimum, the "in relation to" requirement means that "the firearm must have some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Smith v. United States, 508 U.S. 223, 238 (1993); Timmons, 283 F.3d at 1251. The meaning of "in relation to" is expansive, and facilitating or potentially facilitating the drug offense is sufficient. Smith, 508 U.S. at 238; Timmons, 283 F.3d at 1251.

Viewed in the light most favorable to the government, the evidence in the government's case in chief established that defendant recruited Wrixon Roa Rodriguez and Efrain Roa to operate two marijuana grow houses in Cape Coral, Florida. On September 26, 2005, the Cape Coral Police Department executed search warrants at each of these two grow houses and arrested Wrixon Roa Rodriguez and Efrain Roa; defendant was not arrested. Both witnesses then began cooperating with law enforcement, and both cut off their drug relationship with defendant as of the September 26, 2005 search warrants and arrests. On October 8, 2005, defendant shot at Efrain Roa; Roa attributed this to the fact that he had reported defendant to the police and shown the police defendant's house on September 26. Defendant was arrested by the Cape Coral Police Department in connection with the shooting.

The Court's concern was whether the October 8, 2005, shooting was "during" and "in relation to" the commission of the conspiracy to distribute or manufacture marijuana. As to the "during" the conspiracy requirement, a conspiracy generally continues until its purposes have either been abandoned or accomplished, United States v. Knowles, 66 F.3d 1146, 1155 (11th Cir. 1995), or it has been terminated by the arrest of all conspirators, United States v. Killian, 524 F.2d 1268, 1272 (5th Cir. 1975)[1]. "A conspiracy is

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to
(continued...)

deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has terminated. A defendant can overcome this presumption of continued participation only be showing that he affirmatively withdrew from the conspiracy or that the final act in furtherance of the conspiracy has occurred." United States v. Harriston, 329 F.3d 779, 783 (11th Cir. 2003).  In order to withdraw, a conspirator "must show affirmative acts to defeat or disavow the purpose of the conspiracy." United States v. Alred, 144 F.3d 1405, 1416 (11th Cir. 1998)(internal quotations and citations omitted).

Here, both Wrixon Roa Rodriguez and Efrain Roa clearly withdrew from the conspiracy by cooperating with law enforcement in connection with the conspiracy after their arrest. Defendant still remained a conspirator who had not withdrawn or terminated his involvement, and there was evidence of the involvement of other conspirators in connection with the distribution of marijuana. (Doc. #46, p. 36.)  The evidence clearly establishes that the shooting was not accidental or coincidental, and the Court finds that the shooting could potentially facilitate the drug conspiracy as retaliation for cooperation with the police as an example to other conspirators.

Accordingly, it is now

---

[1](...continued)
the close of business on September 30, 1981.

**ORDERED:**

Defendant's oral motion for judgment as a matter of law made at the conclusion of the government's case in chief is **DENIED** as to Count Two.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of November, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA
Counsel of record